

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

April 28, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Kent A. Caperton
Chairman
Committee on Criminal Justice
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-488

Re: Whether article 6252-6c,
V.T.C.S., which requires state
agencies to use letter size
paper, applies to the judiciary

Dear Senator Caperton:

You ask whether article 6252-6c, V.T.C.S., which prohibits state agencies from purchasing paper supplies that exceed 8½ by 11 inches in size, applies to the courts of this state. This statute, enacted as House Bill No. 756 by the Sixty-ninth Legislature, provides in part:

> Sec. 1. In this Act, '<u>state agency</u>' <u>means a board, commission, department, institution, office, or other agency of the state government, including an institution of higher education</u> as defined by Section 61.003, Education Code.
>
> Sec. 2. (a) A <u>state agency</u> may not purchase forms, bond paper, stationery, pads, or similar paper supplies that exceed 8½ inches by 11 inches in size.
>
> (b) A state agency may not purchase filing cabinets that are designed to store completed documents that exceed 8½ inches by 11 inches in size.
>
> (c) This section does not prohibit the purchase or use of forms or paper supplies that exceed 8½ inches by 11 inches in size if those forms or paper supplies are used: [exceptions for specific kinds of documents not relevant]. (Emphasis added).

You point out that the judiciary is not expressly excepted from article 6252-6c, V.T.C.S., and ask whether district courts, county clerks, and district clerks are within the definition of "state agency."

In our opinion, a "state agency" within article 6252-6c, V.T.C.S., includes only agencies in the executive branch of state government. The phrase "agency of the state" can be construed broadly to encompass courts and political subdivisions. See, e.g., National Surety Corporation v. Friendswood Independent School District, 433 S.W.2d 690, 694 (Tex. 1968) (school districts are state agencies created to administer public school system); Attorney General Opinion M-1266 (1972) (Mental Health Mental Retardation Community Centers are "agencies of the state" but not "state agencies"). The definition of "state agency" in section 1 of article 6252-6c, V.T.C.S., shows that the term is used in a narrow sense. The terms it uses -- "board, commission, department, institution, office" -- generally apply to administrative agencies in the executive branch of government. See, e.g., V.T.C.S. arts. 1396-2.23B; 6252-11c; 6252-13a; Attorney General Opinion M-1266 (1972). The express inclusion of "institutions of higher education" suggests that "state agency" or "other agency of the state government" would otherwise not encompass colleges and universities even though these institutions are in the executive branch of state government. See Foley v. Benedict, 55 S.W.2d 805, 808 (Tex. 1932); Letter Advisory No. 22 (1973). In our opinion, article 6252-6c, V.T.C.S., does not apply to instrumentalities of government within the judicial branch. District courts, and district and county court clerks are not subject to its prohibitions against purchasing paper supplies and filing cabinets in excess of the prescribed size.

The Fiscal Note attached to House Bill No. 756 supports our conclusions. Fiscal Note of May 21, 1985, Bill File for H.B. No. 756, Legislative Reference Library. It states that the change from legal size to letter size paper would have fiscal implications on those agencies that may need to convert forms designed on legal size paper. It found no fiscal implications to units of local government.

If, however, district courts and county and district clerks were subject to article 6252-6c, V.T.C.S., county finances would probably be affected. The commissioners court pays for the stationery and office supplies of district and county clerks. V.T.C.S. art. 3899b, §1; see also V.T.C.S. art. 3930(c) (pages of document filed with county clerk must not exceed 8½ inches by 14 inches). The commissioners court also has discretion to furnish "offices and stationery and blanks necessary in the performance of their duties" to resident district judges. V.T.C.S. art. 3899b, §2; Attorney General Opinion O-3899 (1941). The counties composing an administrative judicial district are required to pay part of the expense incurred by the district in carrying out its duties. Government Code §74.003; see also District Judge of the 188th Judicial District v. County Judge, Gregg County, 657 S.W.2d 908, 909 (Tex. App. - Texarkana 1983, writ ref'd n.r.e.). If the legislature intended House Bill No. 756 to apply to the judicial branch of government, some fiscal consequences for the counties would probably have been mentioned in the fiscal note.

We conclude that the judicial branch of Texas is not subject to article 6252-6c, V.T.C.S., and that district courts, district court clerks, and county clerks are not subject to it. But see Supreme Court Order Relating to Preparation of Statement of Facts (July 11, 1977), at Tex. R. Civ. Proc. 377 (statement of facts must be prepared on 8½ inches by 11 inch paper).

### S U M M A R Y

Article 6252-6c, V.T.C.S., which prohibits state agencies from purchasing paper supplies that exceed 8½ inches by 11 inches in size, does not apply to the judicial branch of government.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General